**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CARLOS RODRIGUEZ**                              **CIVIL ACTION**

**VERSUS**                                        **NO: 06-7742**

**LARRY GRIFFIN TOWING COMPANY, INC.**            **SECTION: "K"(1)**


**ORDER AND REASONS**


Before the Court is Plaintiff's Motion to Sever for Expedited Trial To Determine Plaintiff's Right to Maintenance and Cure Benefits (Rec.Doc.No. 4). After reviewing the pleadings, memoranda, and relevant law, the Court grants Plaintiff's motion for the reasons assigned below.

1

# I. ANALYSIS

Plaintiff is a Jones Act seaman who was injured in an accident while working aboard a vessel owned by Defendant Larry Griffin Towing Company, Inc ("LGT") on February 20, 2006. In the instant motion, Plaintiff seeks severance and an expedited trial of his maintenance and cure claim.[1] Defendant opposes the motion contending that the issues of maintenance and cure, Jones Act negligence, and unseaworthiness are "so intertwined that it would be prejudicial, expensive and a waste of judicial resources and time to bifurcate this trial." *See* Opp. Mot. Sever,

---

[1] As articulated in *Tate*:

> The right of an injured seaman to maintenance is a form of compensation that arises out of the contract of employment. *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993 (1938); *Cortes v. Baltimore Insular Line*, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932). The policy supporting the shipowner's duty to provide maintenance and cure and the history of this ancient right of the seaman have been often recounted. *Vella v. Ford Motor Co.*, 421 U.S. 1, 95 S.Ct. 1381, 43 L.Ed.2d 682 (1975); *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943). *See also* 2 M. Norris, The Law of Seamen, ss 538-40 (3d ed. 1970); G. Gilmore and C. Black, The Law of Admiralty, 281-82 (2d ed. 1975). The shipowner is required to furnish the seaman with food and lodging of the kind and quality he would have received had he been able to continue working aboard ship. *Calmar S.S. Corp. v. Taylor*, 303 U.S at 528, 58 S.Ct. at 653, 82 L.Ed. at 996. If the owner does not furnish it in kind, he must pay a daily stipend for the seaman's subsistence. *Pelotto v. L&N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979) (maintenance is a per diem living allowance).

*Tate*, 634 F.2d at 870.

at p. 1 (Rec.Doc.No. 8). Moreover, Defendant claims that further discovery is needed to determine whether maintenance and cure is warranted. *Id.*

Thus, the question before the Court is whether severance of Plaintiff's maintenance and cure claim is justified under these circumstances. The Fifth Circuit has previously characterized Plaintiff's right to seek severance of his maintenance and cure claim:

> While the seaman has the right, which he here chose to exercise, to join his claim for maintenance and the other general maritime claims with his Jones Act claims, *Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959), and obtain a jury trial of all of these claims, *Fitzgerald v. United States Lines*, 374 U.S. 16 (1963), he is not obligated to do so. *Pelotto v. L & N Towing Co.*, 604 F.2d 396 (5th Cir. 1979). Indeed he may either sue separately for maintenance and cure, *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 402 (5th Cir. 1979), *see Pacific S.S. Co. v. Peterson*, 278 U.S. 130 (1928), or, having filed one suit, ask for severance of the maintenance claims and an expedited trial of it by the court. *Caulfield v. AC & D Marine, Inc.*, 633 F.2d 1129 at 1133 (5th Cir. 1981).

*Tate v. American Tugs Inc.*, 634 F.2d 869 (5th Cir. 1981); *see also Ponce v. Conoco Shipping Co.*, 1998 WL 560344, at *1 (E.D. La. Aug. 28, 1998) (Duval, J.); *Martinez v. Edison Chouest Offshore, Inc.*, 2001 WL 6726, at *1 (E.D. La. Jan. 2, 2001) (Vance, J.).

Additionally, the Fifth Circuit noted that joining the claims initially does not preclude a seaman from later seeking severance of the maintenance and cure claims and an expedited trial of these issues. *Tate*, 634 F.2d at 871. "In deciding whether to sever a maintenance and cure claim, courts consider the plaintiff's interest in an expediting trial of these issues, the proximity of the scheduled trial date, whether the plaintiff has requested a jury trial, and whether the nonmoving party opposes the motion." *Hampton v. Daybrook Fisheries, Inc.*, 2002 WL

3

1974107, at *3 (E.D. La. Aug. 27, 2002) (Vance, J.).

Plaintiff contests that he has not received any maintenance and cure benefits since his February 2006 accident, despite none of his treating physicians qualifying him as reaching maximum medical improvement. *See* Mot. Sever, at p. 6 (Rec.Doc.No. 4). Moreover, Plaintiff alleges that he had been recommended for shoulder surgery for injuries resulting from the accident. *Id.* Thus, the Court finds that Plaintiff has a strong interest in resolving the dispute as to whether he is entitled to maintenance and cure.

Perhaps, the overriding factor in resolving the question after a determination that Plaintiff has a strong interest in maintenance and cure benefits is the proximity of the trial date. *See Martinez*, 2001 WL 6726 (court severed maintenance and cure when trial was not to take place for eight months); *but see Charpentier v. Blue Streak Offshore, Inc.*, 1996 WL 383126 (court refused to sever when trial was less than four months away); *Hampton*, 2002 WL 1974107 (court did not sever when jury trial was in three months). Here, a scheduling order has not been issued, and no trial date is set. Moreover, the injury occurred approximately one year ago and Plaintiff alleges that he requires additional surgery. These factors weight heavily in favor of bifurcation given that trial is not imminent.

Additionally, Plaintiff has recently amended his Complaint withdrawing his request for a jury trial; thus, the argument that bifurcation would be judicially inefficient is without merit. *See Marine Drilling Management Co. v. Scott*, 2003 WL 133218, at *1 (E.D. La. Jan. 15, 2003) (judicial economy weighed against bifurcation when treating physicians would testify at both jury trials and trial was only five months away). *Cooper v. Nabors Offshore, Inc.*, 2003 WL

22174237, at *1 (E.D. La. Sep. 9, 2003) (jury trial four months away did not warrant bifurcation when experts would have to testify at both trials). The fact that this Court will hear both proceedings in bench trials also eliminates the possibility of inconsistent results as there will be a single factfinder.

While Defendant opposes the instant motion, its principal argument against bifurcation concerned Plaintiff's request for a jury trial. Plaintiff has since withdrew this request by amending his Complaint. Therefore, applying the factors as articulated in *Hampton*, the Court finds that bifurcation of Plaintiff's maintenance and cure claim is warranted here. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Sever for Expedited Trial To Determine Plaintiff's Right to Maintenance and Cure Benefits (Rec.Doc.No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the maintenance and cure claim is hereby **SEVERED** and set for trial on a date to be established by the Courtroom Deputy.

New Orleans, Louisiana, on this __6th__ day of February, 2007.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**